AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

### Southern District of New York

| | |
|---|---|
| MELISSA SHAFTON, | ) |
| | ) |
| _Plaintiff_ | ) |
| | ) |
| v. | ) |
| COHEN & SLAMOWITZ, LLP and | ) |
| MIDLAND FUNDING, LLC, | ) |
| _Defendant_ | ) |

# 12 CIV 5391

Civil Action No.

JUDGE NATHAN

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Cohen & Slamowitz, LLP      Midland Funding, LLC
 199 Crossways Park Drive    8875 Aero Drive Ste 200
 Woodbury, NY 11797-9004    San Diego, CA 92123

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Jesse Langel, Esq.
 The Langel Firm
 225 Broadway, Suite 700
 New York, NY 10007

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

_CLERK OF COURT_

Date: _____07/12/2012_____          _____
 _Signature of Clerk or Deputy Clerk_

JUDGE NATHAN

12 CIV 5391

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MELISSA SHAFTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) **COMPLAINT AND DEMAND** |
| | ) **FOR JURY TRIAL** |
| COHEN & SLAMOWITZ, LLP and | ) |
| MIDLAND FUNDING, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

JUL 12 2012
U.S.D.C. S.D. N.Y.
CASHIERS

## INTRODUCTION

1.      This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).  A supplemental claim arises under New York General Business Law (GBL) § 349 (deceptive acts and practices).

This case represents an extreme pattern of deceptive communications involving a consumer debt lawsuit.

## JURISDICTION AND VENUE

2.      Jurisdiction of the court is conferred by 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 in that this dispute involves predominant issues of federal law.  Defendants have violated numerous provisions of the FDCPA.

3.      Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

4.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.      Venue in this district is proper in that Defendants transacted business here and the conduct complained of occurred here.

6.     Defendants regularly do business within this district, and have engaged in a persistent course of conduct within this district. Defendants also have derived substantial revenue from services rendered in this judicial district and state.

7.     Defendants expected or reasonably should have expected the acts alleged in this complaint would have consequences in this judicial district and state. Defendants derive substantial revenue from interstate commerce.

8.     Defendants caused transactions and occurrences alleged in this complaint to take place in this judicial district and state.

## PARTIES

9.     Plaintiff MELISSA SHAFTON ("Plaintiff") is a natural person who resided at all relevant times in New York County, New York.

10.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

11.    COHEN & SLAMOWITZ, LLP ("C&S") is a domestic limited liability partnership organized and existing under the laws of New York.

12.    C&S's principal place of business is located at 199 Crossways Park Drive, Woodbury, New York 11797-2016.

13.    The principal purpose of C&S is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone, and C&S regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14.    C&S is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15.    Defendant MIDLAND FUNDING, LLC ("Midland") is a foreign limited liability company that is regularly engaged in the collection of debts in the State of New York.

16    Midland's principal place of business is located at 8875 Aero Drive, Suite 200, San Diego, California 92123.

17.    The principal purpose of Midland is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone, and Midland regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

18.    Midland is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

19.    C&S at all relevant times was an agent of Midland.

20.    All acts done by C&S were done on its own behalf, and on behalf of Midland.

21.    At all relevant times, C&S and Midland created the actual and apparent authority for C&S to act as attorney for Midland by carrying out its purpose of debt collection litigation. Plaintiff relied on C&S's actual and apparent authority when settling and compromising the dispute with her adversary, Midland.

22.    Midland is vicariously liable for the FDCPA violations committed by C&S.

23.    Upon information and belief, C&S is bound by contract to fulfill the demands and act within parameters created by Midland, and by virtue of same, Midland exercises control over the conduct and activities of C&S.

24.    C&S acts as Midland's attorney in thousands of consumer debt lawsuits. Midland continually ratifies the conduct and activities of C&S by accepting the benefits of its continued work.

25.    The alleged debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

3

26.     At all times material to this complaint, C&S represented Midland for the purposes of legal collection against Plaintiff regarding a Wells Fargo credit card debt with account number ending in -1928.

27.     By letter dated April 17, 2012 (**Exhibit 1**) C&S, on behalf of Midland, sent its first communication to Ms. Shafton, citing an alleged balance owed of $6,785.39. The letter also asserted a willingness to settle with Ms. Shafton.

28.     Ms. Shafton and C&S thereafter engaged in further settlement discussions.

29.     Approximately one month later, by letter dated May 22, 2012 (**Exhibit 2**), C&S demanded a different balance, $6,983.72, adding $198.33 to the amount originally alleged in Exhibit 1. This letter also purported to "confirm" an "agreement" to settle for the new, higher amount of $6,983.72. Attached to the letter were multiple copies of a Stipulation of Settlement (see **Exhibit 3**), allegedly sent "per [Plaintiff's] letter."

30.     In the letter (Exhibit 2), C&S promised it would "file the Stipulation of Settlement with the court immediately upon our receipt of it from you in order to stop any pending litigation from continuing."

31.     On May 25, 2012, a mere three days after sending Plaintiff the Stipulation of Settlement, Defendants filed a consumer credit action against Plaintiff entitled Midland Funding, LLC v. Melissa Shafton, Index No. 014874/12 in the City Civil Court of New York County ("the State Action"). Annexed hereto as **Exhibit 4** is the summons and complaint, which demands yet another conflicting amount (the third amount), this time $6,758.73.

32.     Further, the complaint in the State Action wrongly alleged interest accrual. C&S alleges in paragraph 7 of its complaint that Midland purchased the account on January 20, 2012, but claims that Plaintiff owes interest as of April 1, 2012.

33.     On or around June 4, 2012, Plaintiff signed the Stipulation of Settlement (Exhibit 3), and mailed it to C&S, along with a check for her first payment of $125.

34.     On June 7, 2012, Defendants accepted Plaintiff's first payment by cashing her check. (See **Exhibit 5**).

35.     By letter dated June 11, 2012 (**Exhibit 6**), C&S returned a counter-signed copy of the settlement stipulation.  In the stipulation, C&S represented the "[b]alance due as of June 11, 2012" as $6,892.05.  This new amount (the fourth amount) has no basis in fact and again conflicts with every other demand made by Defendants.  Further, this letter does not account for Plaintiff's $125 payment by check cashed by Defendants four days earlier.

36.     By letter dated June 12, 2012, Plaintiff expressed her confusion at settling the claim yet being simultaneously sued for it.

37.     By letter dated June 25, 2012 (**Exhibit 7**), C&S sent to Plaintiff another letter, stating that it was enclosing an "additional summons pursuant to state law."  This letter states the balance due as $6,915.38, another conflicting amount (the fifth amount) which has no basis in fact.

38.     Despite the fully executed settlement agreement, and receipt of payment, Defendants have failed to discontinue the State Action.  As of today, the case is still "active" according to the attached eCourts printout at **Exhibit 8.**

### FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA)

39.     The Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

40.     The Defendant violated FDCPA §§ 1692d, 1692e, 1692e(2)(a) and (b), 1692e(3), 1692e(5), 1692e(9), 1692e(10), 1692e(11), 1692e(12) 1692e(13), 1692f, 1693f(1), and 1692g through the following acts and omissions:

a) Misrepresenting the character, amount, and legal status of the debt numerous times;

b) Adding $198.33 between April 17, 2012 and May 22, 2012, an unlawful and usurious increase, without authority by contract or law, as demonstrated in Exhibits 1 and 2;

c) Attempting to collect amounts not authorized by law;

d) Demanding conflicting amounts in Exhibits 1, 2, 4, 6, and 7;

e) Asserting and demanding false, misleading, deceptive, and conflicting amounts, interest rates and accrual dates;

f) Failing to credit Plaintiff for payments made;

g) Taking legal action against Plaintiff while promising not to;

h) Inexcusably failing to withdraw The State Action, thereby causing further misrepresentations and unlawful contacts;

i) Sending false, misleading, and deceptive communications with regard to the character, amount, and legal status of the debt;

j) Stating in its June 25, 2012 demand letter (**Exhibit 7**) that it was "enclosing a summons pursuant to New York State law," which created the false impression that 1) the debt was not settled; and/or 2) that Defendants would not withdraw their lawsuit; and/or 3) that Defendants were attempting to collect the same debt twice or attempting to collect more than permitted. The statement is a legal misrepresentation that had the effect of confusing the least sophisticated consumer as to the legal status of the debt.

k) Failing to state in at least one communication that "this communication is from a debt collector."

l) Using a sequence of confusing and violative communications that consequentially harass, annoy and abuse the Plaintiff. This strategy is a deceptive and misleading means to collect a debt.

41.    As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages as set forth in this complaint, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k.

**SECOND CLAIM FOR RELIEF**

**(Violations of NYGBL § 349)**

42.     The Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

43.     NYGBL § 349 declares unlawful deceptive acts or practices in the conduct of any

business, trade, or commerce, or in the furnishing of any service in the State of New York.

44.     The conduct complained of in this complaint occurred during, and in furtherance of,

Defendants' for-profit business enterprise of pursuing consumers for alleged defaulted debt

obligations.

45.     At all times material to this complaint, Defendants' deceptive acts and practices that gave

rise to the claims herein occurred while Defendants conducted their business of collecting

consumer debts.

46.     Defendants' acts and practices have been directed entirely at consumers as reflected in

their correspondences and advertisements. Defendants' acts and practices have a broad impact

on the New York consuming public.

47.     Defendants' collection acts are part of a recurring practice against large numbers of

consumers in furtherance of their business models of increasing debt volume while decreasing

the costs of each case, thus enhancing profitability.

48.     Defendants' offending collection practices have the capacity and tendency to deceive and

mislead a significant percentage of consumers in a material way because they deprive consumers

of state and federal rights and protections. These acts contribute to an increasing number of

personal bankruptcies, and lead to marital instability and job loss, all of which are significant

social concerns that applicable federal and state consumer protection laws were designed to

prevent.

49.     The acts and omissions complained of in this complaint under the preceding cause of action amount to "deceptive acts and practices" as defined under NYGBL § 349 and the case law interpreting it.

50.     Some or all of the FDCPA violations alleged in this complaint amount to *per se* violations of NYGBL § 349.

51.     As a result of Defendants' deceptive acts and practices, the Plaintiff has suffered actual damages as alleged in this complaint.

52.     As a result of these violations of NYGBL § 349, Plaintiff is entitled to an injunction barring Defendants, from engaging in deceptive acts and practices, including the collection of this discharged debt, and to recover actual damages, three times the actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h).

**Plaintiff's Actual Damages**

53.     Plaintiff alleges as actual, pecuniary damages attorneys' fees for defending against the unlawful, continued prosecution of The State Action.  Further pecuniary damages include postage and facsimile charges.

54.     Plaintiff suffered other actual, non-pecuniary damages, including emotional distress, loss of tranquility, hostility, anxiety, worry, fear, worry, fright, shock, lost concentration, and stress.

        **WHEREFORE,** Plaintiff respectfully requests a trial by jury and also requests that judgment be entered against Defendants for the following:

        a.      On the FIRST CLAIM FOR RELIEF (FDCPA), statutory damages, actual damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

b.      On the SECOND CLAIM FOR RELIEF (NYGBL § 349), injunctive relief, actual

damages, three times the actual damages up to $1,000, costs and reasonable attorneys' fees

pursuant to NYGBL § 349(h); and

c.      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all

issues so triable.

Dated: New York, NY
      July 9, 2012

 

Jesse Langel, Esq. (JL-7079)
The Langel Firm
*Attorney for Plaintiff*
225 Broadway, Suite 700
New York, NY 10007
646-290-5600
jesse@langellaw.com

# Exhibit 1

**Law Office of**
**Cohen & Slamowitz, LLP**

P.O. BOX 9012
WOODBURY, NY 11797-9012

(516) 686-8981
(800) 293-6006 ext 8981
Fax (516) 908-7993
Firm Representative: Chante Johnson

April 17, 2012

RE:
Debtor: Melissa Shafton
Original Creditor: WELLS FARGO BANK, N.A.
Creditor: Midland Funding Llc
Card Type: CORE PLATINUM
Account Number: 4465420198581928
C&S File Number: C506487
Balance as of April 17, 2012: $6,785.39

MELISSA SHAFTON
141 E 89TH ST APT 8L
NEW YORK, NY 10128

Dear Melissa Shafton:

Please be advised that this office represents Midland Funding LLC in connection with your outstanding bill. Midland Funding LLC has retained us to work with you to resolve this matter to your satisfaction. We understand that your finances may not allow payment of the balance in full at this time. As a result, we are authorized to offer the following three options:

| | |
|---|---|
| **Option 1: 35% Discount**<br>Payment Due Date: May 8, 2012 | One Payment of Only<br>**$4,410.50** |
| **Option 2: 20% Discount**<br>First Payment Due Date: May 8, 2012 | 3 Monthly Payments of Only<br>**$1,809.44** |
| **Option 3: 24 Monthly Payments; First Payment of $282.83 due May 8, 2012,**<br>Followed by 23 monthly payments of $282.72 starting on June 8, 2012. | |

Please use the bottom portion of this letter to indicate the preferred option. We are enclosing a business reply envelope for your convenience. If you would like to discuss your account with one of our account representatives, please call us at the telephone number set forth above. Kindly reply to us by May 8, 2012 as these options may not be available to you after this date.

Very truly yours,

Cohen & Slamowitz, LLP

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

---

Please detach and return this portion with your payment

| Credit Card Used For Payment | | Creditor: Midland Funding LLC |
|---|---|---|
| ☐ Visa     ☐ MasterCard | | C&S File Number: C506487 |
| Card Number | Amount | |
| Signature | Exp. Date | Current Balance: $6,785.39 as of April 17, 2012<br>Offer Expires On: May 8, 2012 |

OPTION SELECTED (please check one):

☐ 1 PAYMENT OF $4,410.50  ☐ 3 PAYMENTS OF $1,809.44 EACH  ☐ 24 PAYMENTS, 1ST PAYMENT: $282.83

AMOUNT ENCLOSED $_____

P.S. Our office accepts Western Union, Money Gram, MasterCard, VISA, debit cards and electronic bank deductions, or visit our website at www.cslawllp.com to make payments online. All payments should be made payable to Midland Funding LLC.

# Exhibit 2

# Law Office of
# Cohen & Slamowitz, LLP

(516) 364-6006 ext 8442
(800) 293-8006 ext 8442
Fax (516) 706-2476
Firm Representative: Anna M. Kusi

199 Crossways Park Drive
P.O. Box 9004
Woodbury, NY 11797-9004
NYC DCA License No. 1160860

May 22, 2012

MELISSA SHAFTON
141 E 89TH ST APT 8L
NEW YORK, NY 10128

$4,204.00 (g/4/12)

settlement
amount
they will
take

Re: Original Creditor: WELLS FARGO BANK, N.A.
Creditor: MIDLAND FUNDING LLC
Card Type: CORE PLATINUM
Debtor: Melissa Shafton
Account Number: XXXX-XXXX-XXXX-1928
C&S File Number: C506487
Current Balance Due as of May 22, 2012: $6,983.72

Dear Melissa Shafton,

As per your letter, attached, received on May 22, 2012. Please find three (3) stipulations of settlement confirming your agreement to repay the sum of $6,983.72. Please return all three (3) signed stipulations in the enclosed envelope. Upon receipt of the stipulations, we shall countersign same and then return one (1) fully executed copy to you. Please note. The settlement offer presented of $3500.00, to settle account was rejected by our client; as too far below our client's parameters.

Please note that the summons and complaint were previously forwarded to our process server for service upon you, and as such if it hasn't been received yet, you should expect to receive it shortly. We will file the Stipulation of Settlement with the court immediately upon our receipt of it from you in order to stop any pending litigation from continuing. Kindly note that if you fail to return the executed stipulations on or before the date that the first payment is due, any agreement you may have reached with this office may not be honored by us.

If you should have any questions, please do not hesitate to contact this office.

Sincerely,

Anna M. Kusi

Anna M. Kusi, Legal Assistant

P.S. All payments should be forwarded directly to this office and made payable to Midland Funding LLC. Our office also accepts Western Union, Money Gram, MasterCard, VISA, debit cards and electronic bank deductions, or visit our website at www.cslawllp.com to make payments online.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**



Byron Jackson

ext. 9005 Kauna

**Exhibit 3**

*PAymeNt enclosed!*

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

MIDLAND FUNDING LLC

PLAINTIFF,                          FILE NO. C506487

-AGAINST-

MELISSA SHAFTON

DEFENDANT(S).

## FORBEARANCE AGREEMENT AND STIPULATION OF SETTLEMENT

**THIS AGREEMENT** is made on May 22, 2012, by and between MIDLAND FUNDING LLC (hereinafter the "Creditor"), and Melissa Shafton (hereinafter the "Debtor").

1. Debtor will pay to Creditor in full settlement of account number ending in 1928 (the "Account") the sum of $6,983.72 as follows:

| PAYMENT NUMBER | PAYMENT DATE | PAYMENT AMOUNT |
|---|---|---|
| 1. | 06/22/2012 | $125.00 |
| 2. | 07/22/2012 | $125.00 |
| 3. | 08/22/2012 | $125.00 |
| 4. | 09/22/2012 | $125.00 |
| 5. | 10/22/2012 | $125.00 |
| 6. | 11/22/2012 | $125.00 |
| 7. | 12/22/2012 | $125.00 |
| 8. | 01/22/2013 | $125.00 |
| 9. | 02/22/2013 | $125.00 |
| 10. | 03/22/2013 | $125.00 |
| 11. | 04/22/2013 | $125.00 |
| 12. | 05/22/2013 | $125.00 |
| 13. | 06/22/2013 | $125.00 |
| 14. | 07/22/2013 | $125.00 |
| 15. | 08/22/2013 | $125.00 |
| 16. | 09/22/2013 | $125.00 |
| 17. | 10/22/2013 | $125.00 |
| 18. | 11/22/2013 | $125.00 |
| 19. | 12/22/2013 | $125.00 |
| 20. | 01/22/2014 | $125.00 |
| 21. | 02/22/2014 | $125.00 |
| 22. | 03/22/2014 | $125.00 |
| 23. | 04/22/2014 | $125.00 |
| 24. | 05/22/2014 | $125.00 |
| 25. | 06/22/2014 | $125.00 |

| PAYMENT NUMBER | PAYMENT DATE | PAYMENT AMOUNT |
|---|---|---|
| 26. | 07/22/2014 | $125.00 |
| 27. | 08/22/2014 | $125.00 |
| 28. | 09/22/2014 | $125.00 |
| 29. | 10/22/2014 | $125.00 |
| 30. | 11/22/2014 | $125.00 |
| 31. | 12/22/2014 | $125.00 |
| 32. | 01/22/2015 | $125.00 |
| 33. | 02/22/2015 | $125.00 |
| 34. | 03/22/2015 | $125.00 |
| 35. | 04/22/2015 | $125.00 |
| 36. | 05/22/2015 | $125.00 |
| 37. | 06/22/2015 | $125.00 |
| 38. | 07/22/2015 | $125.00 |
| 39. | 08/22/2015 | $125.00 |
| 40. | 09/22/2015 | $125.00 |
| 41. | 10/22/2015 | $125.00 |
| 42. | 11/22/2015 | $125.00 |
| 43. | 12/22/2015 | $125.00 |
| 44. | 01/22/2016 | $125.00 |
| 45. | 02/22/2016 | $125.00 |
| 46. | 03/22/2016 | $125.00 |
| 47. | 04/22/2016 | $125.00 |
| 48. | 05/22/2016 | $125.00 |
| 49. | 06/22/2016 | $125.00 |
| 50. | 07/22/2016 | $125.00 |
| 51. | 08/22/2016 | $125.00 |
| 52. | 09/22/2016 | $125.00 |
| 53. | 10/22/2016 | $125.00 |
| 54. | 11/22/2016 | $125.00 |
| 55. | 12/22/2016 | $125.00 |
| 56. | 01/22/2017 | $108.72 |

Page 2 of 4

2. All payments shall be made payable to the order of MIDLAND FUNDING LLC. Debtor may forward payments to Cohen & Slamowitz, LLP, P.O. Box 9001, Woodbury, NY 11797-9001, or Debtor may pay online at www.cslawllp.com. All payments are subject to collection.

3. In the event that the Debtor shall default in making any of the payments required hereunder, then Creditor will mail written notice of the default to the Debtor or to the Debtor's attorney, if the Debtor has one. If the default remains uncured for ten (10) days from the mailing of the notice, then the entire amount claimed in the summons and complaint, less a credit against same for any payments made hereunder, shall immediately be due and payable without further notice and demand. In such an event, Creditor may request that the court enter judgment for the amount prayed for in the summons and complaint, less a credit against same for any payments made hereunder. The request for judgment may include principal, interest, applicable costs, and disbursements as permitted by law.

4. Upon receipt by Creditor's counsel and clearance of all sums required hereunder, Creditor's counsel will provide to Debtor or to the Debtor's attorney, if the Debtor has one, a letter confirming the Account is settled.

5. A facsimile signature shall be deemed an original for purposes of filing this stipulation with the court.

Page 3 of 4

In witness whereof, the parties hereto have set forth their hands and seals on the date herein above written.

*141 East 29th Street #8L*

**Street Address**

*NY, NY 10128*

**City, State And Zip**

*(646) 247-9847*

**Home Phone Number**

_____

**Employer Name**

_____

**Employer Street Address**

_____

**Employer City, State, Zip**

_____

**Employer Phone Number**

_____

**Name of Bank**

X *Melissa S*

**Melissa Shafton**

**Debtor (Signature Above)**

_____

**By: Mitchell Pashkin / Neandre John, Esqs.**
**Cohen & Slamowitz, LLP**
**Attorneys for Creditor**

**File No. C506487**

Page 4 of 4

**Exhibit 4**

CONSUMER CREDIT TRANSACTION

**IMPORTANT!! YOU ARE BEING SUED!! THIS IS A COURT PAPER - A SUMMONS DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHEED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!! THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

CIVIL COURT OF THE CITY OF NEW YORK,
COUNTY OF NEW YORK

0014874 / 12

-------------------------------------------------------X

MIDLAND FUNDING LLC
                        PLAINTIFF,

-AGAINST-

MELISSA SHAFTON
                        DEFENDANT(S).

-------------------------------------------------------X

INDEX NUMBER
C&S FILE NO. C506487

**SUMMONS**
PLAINTIFF'S ADDRESS:
8875 AERO DRIVE - STE 200
SAN DIEGO, CA 92123

THE BASIS OF THE VENUE
DESIGNATED IS DEFENDANT'S
RESIDENCE          MAY 25 2012

*TO THE ABOVE NAMED DEFENDANT(S):* YOU ARE HEREBY SUMMONED TO APPEAR IN THE CIVIL COURT OF THE CITY OF NEW YORK, COUNTY OF NEW YORK AT THE OFFICE OF THE CLERK OF THE SAID COURT AT 111 CENTRE ST, NEW YORK, NY 10013, IN THE CITY AND STATE OF NEW YORK, WITHIN THE TIME PROVIDED BY LAW AS NOTED BELOW AND TO FILE YOUR ANSWER TO THE ANNEXED COMPLAINT WITH THE CLERK: UPON YOUR FAILURE TO ANSWER, JUDGMENT WILL BE TAKEN AGAINST YOU FOR THE SUM OF $6,758.73 WITH INTEREST FROM April 1, 2012 TOGETHER WITH COSTS AND DISBURSEMENTS OF THIS ACTION.

DATED: May 8, 2012

COHEN & SLAMOWITZ, LLP, ATTORNEYS FOR PLAINTIFF
199 CROSSWAYS PARK DR., P.O. BOX 9004, WOODBURY, NY 11797-9004
(516) 686-8981; (800) 293-6006 ext. 8981; Refer to C&S File No. C506487

NOTE: THE LAW PROVIDES THAT (A) IF THIS SUMMONS IS SERVED BY ITS DELIVERY TO YOU PERSONALLY WITHIN THE CITY OF NEW YORK, YOU MUST APPEAR AND ANSWER WITHIN TWENTY DAYS AFTER SUCH SERVICE; OR (B) IF THIS SUMMONS IS SERVED BY DELIVERY TO ANY PERSON OTHER THAN YOU PERSONALLY, OR IS SERVED OUTSIDE THE CITY OF NEW YORK, OR BY PUBLICATION, OR BY ANY MEANS OTHER THAN PERSONAL DELIVERY TO YOU WITHIN THE CITY OF NEW YORK, YOU ARE ALLOWED THIRTY DAYS AFTER THE PROOF OF SERVICE THEREOF IS FILED WITH THE CLERK OF THIS COURT WITHIN WHICH TO APPEAR AND ANSWER.

DEFENDANT(S) TO BE SERVED:
MELISSA SHAFTON, 141 E 89TH ST APT 8L, NEW YORK NY 10128

ID3712882

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X

MIDLAND FUNDING LLC

                PLAINTIFF,                     INDEX NUMBER

-AGAINST-                                  FILE NO. C506487

MELISSA SHAFTON                      COMPLAINT

                DEFENDANT(S).
-------------------------------------------------------------X

       PLAINTIFF, BY ITS ATTORNEYS, COMPLAINING OF THE DEFENDANT(S), RESPECTFULLY ALLEGES THAT:

       1.      PLAINTIFF IS A FOREIGN LIMITED LIABILITY COMPANY, AND PLAINTIFF IS LICENSED BY THE NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS, LICENSE NUMBER 1312658.

       2.      UPON INFORMATION AND BELIEF, THE DEFENDANT(S) RESIDES OR HAS AN OFFICE IN THE COUNTY IN WHICH THIS ACTION IS BROUGHT, OR THE DEFENDANT(S) TRANSACTED BUSINESS WITHIN THE COUNTY IN WHICH THIS ACTION IS BROUGHT, EITHER IN PERSON OR THROUGH AN AGENT AND THE INSTANT CAUSE OF ACTION AROSE OUT OF SAID TRANSACTION.

### AS AND FOR A FIRST CAUSE OF ACTION

       3.      PLAINTIFF REPEATS AND REALLEGES EACH AND EVERY ALLEGATION CONTAINED IN THE FOREGOING PARAGRAPHS AS IF MORE FULLY SET FORTH HEREIN.

       4.      PLAINTIFF'S PREDECESSOR IN INTEREST, WELLS FARGO BAN K, N.A. (HEREINAFTER "ORIGINAL CREDITOR"), OFFERED TO OPEN A CREDIT CARD ACCOUNT, ACCOUNT NO.XXXXXXXXXXXX1928 (HEREINAFTER THE "ACCOUNT"), IN DEFENDANT'S NAME.

       5.      DEFENDANT ACCEPTED THE OFFER BY USING THE ACCOUNT.

       6.      DEFENDANT DEFAULTED BY FAILING TO REPAY THE BALANCE DUE UNDER THE ACCOUNT. DEMAND FOR PAYMENT WAS MADE, BUT DEFENDANT FAILED TO REPAY THE BALANCE OWED.

       7.      THE ORIGINAL CREDITOR SOLD THE ACCOUNT, INCLUDING ALL RIGHT, TITLE AND INTEREST IN AND TO THE OUTSTANDING BALANCE OWED BY DEFENDANT. PLAINTIFF PURCHASED THE ACCOUNT ON January 20, 2012 AND IS NOW THE OWNER AND ASSIGNEE OF THE ACCOUNT.

       8.      DEFENDANT(S) NOW OWE A BALANCE OF $6,758.73 AS OF April 1, 2012 WITH INTEREST FROM April 1, 2012, NO PART OF WHICH HAS BEEN PAID DESPITE DUE DEMAND THEREFOR.

## AS AND FOR A SECOND CAUSE OF ACTION

9.    PLAINTIFF REPEATS AND REALLEGES EACH AND EVERY ALLEGATION
CONTAINED IN THE FOREGOING PARAGRAPHS AS IF MORE FULLY SET FORTH HEREIN.

10.    THAT HERETOFORE, PLAINTIFF RENDERED TO DEFENDANT(S) A FULL AND TRUE
ACCOUNT OF THE INDEBTEDNESS OWING BY THE DEFENDANT(S) AS A RESULT OF THE ABOVE
AGREEMENT, IN AN AMOUNT AS HEREINABOVE SET FORTH WHICH ACCOUNT STATEMENT WAS
DELIVERED TO AND ACCEPTED WITHOUT OBJECTION BY THE DEFENDANT(S) RESULTING IN AN
ACCOUNT STATED IN THE SUM OF $6,758.73, NO PART OF WHICH HAS BEEN PAID DESPITE DUE
DEMAND THEREFOR.

WHEREFORE, PLAINTIFF DEMANDS JUDGMENT AGAINST DEFENDANT(S) IN THE SUM OF
$6,758.73 WITH INTEREST FROM April 1, 2012  TOGETHER WITH COSTS AND DISBURSEMENTS.

THE UNDERSIGNED ATTORNEY HEREBY CERTIFIES THAT, TO THE BEST OF HIS/HER
KNOWLEDGE, INFORMATION AND BELIEF, FORMED AFTER AN INQUIRY REASONABLE UNDER
THE CIRCUMSTANCES, THE PRESENTATION OF THE WITHIN COMPLAINT AND THE CONTENTIONS
THEREIN ARE NOT FRIVOLOUS AS DEFINED IN PART 130-1.1 OF THE RULES OF THE CHIEF
ADMINISTRATOR.

DATED: MAY 8, 2012

YOURS, ETC.
COHEN & SLAMOWITZ, LLP, NYC DCA LICENSE NO. 1160860

BY:    S/ _____

D. Cohen/M. Slamowitz/M. Pashkin ESQS.
ATTORNEYS FOR PLAINTIFF
P.O. BOX 9004, 199 CROSSWAYS PARK DRIVE, WOODBURY,
NY 11797-9004
(516) 686-8981; (800) 293-6006 ext. 8981;
Refer to C&S File No. C506487

**Exhibit 5**

**200 YEARS citi**

Print a Copy        Close

**ATM/Debit Card: XXXX-XXXX-XXXX-7821**

**As of 08-28-2012 15:30 EDT**

## Check Details

| Account | Check # | Post Date | Amount |
|---------|---------|-----------|--------|
| Basic Checking: 0961 1006 | | 06/07/2012 | $ 125.00 |

　　　　　　https://online.citibank.com/US/usba/ci/presentCheckImage.do



**Security Tip:** Check Image files may be automatically saved on the hard drive of this computer. If other people use this computer you should delete these files so that no one will have access to your check images and account information. <u>Learn more</u>

**Exhibit 6**

**LAW OFFICES OF**
**COHEN & SLAMOWITZ, LLP**
**199 Crossways Park Drive**
**PO Box 9004**
**Woodbury, New York 11797-9004**
**(516) 364-6006**
**Fax (516) 364-6067**

David A. Cohen, P.C.
Mitchell G. Slamowitz, P.C.
———
Crystal S.A. Scott
Carol Van Houten
Keisha N. Marshall
Carolyn Williams
Denise B. Pavlides
Tiffany La Mar
Mitchell L. Pashkin
Lynda M. Zukaitis
Terri A. Devito

Leandre M. John
Managing Attorney
———
Mitchell Selip, P.C.*
Of Counsel
———
*Admitted NY & NJ

NYC DCA License
No. 1160860

June 11, 2012

MELISSA SHAFTON
141 E 89TH ST APT 8L
NEW YORK NY 10128

> Re:  Original Creditor: WELLS FARGO BAN K. N.A.
> Creditor: Creditor: MIDLAND FUNDING LLC
> Card Type: CORE PLATINUM
> Alleged Debtor: MELISSA SHAFTON
> C&S File No.: C506487
> Index No.: 0014874/12
> Balance due as of June 11, 2012: $6,892.05

Dear MELISSA SHAFTON:

Enclosed please find a duly executed copy of the Stipulation in connection with the above noted matter. Kindly keep this copy for your records.

Should you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

Cohen & Slamowitz, LLP

P.S. All checks should be forwarded directly to our office and made payable to Creditor: MIDLAND FUNDING LLC. Our office also accepts Western Union, Money Gram, MasterCard, VISA, Discover Card, and checks via phone, or visit our website at www.cslawllp.com to make payments online.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

ldstpenc

# Exhibit 7

# Law Offices
# Cohen & Slamowitz, LLP

**(516) 686-8981**
**Fax 516 364-6067**
Firm Representative: SHANA HUSSAIN

**P.O. Box 9004**
**Woodbury, NY 11797-9004**
NYC DCA License No. 1160860

June 25, 2012

MELISSA SHAFTON
141 E 89TH ST APT 8L
NEW YORK NY 10128

Re:  Original Creditor: WELLS FARGO BAN K, N.A.
Creditor: MIDLAND FUNDING LLC
Card Type: CORE PLATINUM
Client Account No. XXXX-XXXX-XXXX-1928
C&S File No.: C506487
Index No.: 0014874/12
Balance Due: $6,915.38

Dear MELISSA SHAFTON:

Enclosed please find an additional copy of the summons pursuant to New York State law.

If you wish to discuss this matter, please do not hesitate to contact us.

Very Truly Yours,

David A. Cohen, Esq./Mitchell G. Slamowitz, Esq.

P.S. All checks should be forwarded directly to our office and made payable to Creditor: MIDLAND FUNDING LLC. Our office also accepts Western Union, Money Gram, MasterCard, VISA, and checks via phone, or visit our website at www.cslawllp.com to make payments online.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

LSCMAIL1

**Exhibit 8**



# New York State Unified Court System

## WebCivil Local - Case Detail

| | |
|---|---|
| Court: | **New York County Civil Court** |
| Index Number: | **CV-014874-12/NY** |
| Case Name: | **MIDLAND FUNDING LLC vs. SHAFTON, MELISSA** |
| Case Type: | **Civil** |
| Classification: | **Consumer Credit** |
| Filing Date: | **05/25/2012** |
| Disposition Date: | |
| Calendar Number: | |
| Jury Demand: | **No** |
| Judge Name: | |

Attorney/Firm(s) For Plaintiff - MIDLAND FUNDING LLC:

**Cohen & Slamowitz, LLP**                    Attorney Type: **Firm**
**199 Crossways Park Drive, PO Box 9004**
**Woodbury, New York  11797-9004**
**(516) 686-8925 ext:**

Attorney/Firm(s) For Defendant - MELISSA SHAFTON:

[ Close ]    [ Add to eTrack ]